UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALEKSEI KLUSOV**,

    *Plaintiff,*

v.

**GEORGETOWN UNIVERSITY**,

    *Defendant.*

Case No. 1:24-cv-2587-RCL

## MEMORANDUM OPINION

Before the Court is defendant Georgetown University's Motion [ECF No. 6] to Dismiss plaintiff Aleksei Klusov's Amended Complaint, as well as Georgetown's subsequent Motion [ECF No. 9] to Dismiss Mr. Klusov's Second Amended Complaint. Upon consideration of the parties' submissions, and for the reasons stated below, the defendant's motions are **GRANTED** and Mr. Klusov's first and second amended complaints will be **DISMISSED**, without further leave to amend.

**I.   BACKGROUND**

Plaintiff Aleksei Klusov, who is Jewish and was born in Russia, was a student at Georgetown University from 2020–23 pursuing both a Master's in Business Administration ("MBA") in the business school and a Master of Laws in taxation ("LL.M.") in the law school. On August 26, 2024, Mr. Klusov filed a 121-page complaint against Georgetown alleging that the university discriminated against him because of his ethnicity and national origin in violation of numerous federal and local statutes. Compl., ECF No. 1. On September 12, 2024, Mr. Klusov filed another 119-page document labeled "Notice of Exhibits," which, upon inspection, appears to be his first amended complaint ("FAC"), though it was not labeled as such. First Am. Compl.,

1

ECF No. 3.  On December 11, 2024, Georgetown filed a motion to dismiss the FAC.  First Mot. to Dismiss., ECF No. 6.

The next day, Mr. Klusov filed a 131-page second amended complaint ("SAC") entitled "Amended Complaint."  Second Am. Compl., ECF No. 8.  He did not request or obtain leave from the Court to submit the SAC, as is required under Federal Rule of Civil Procedure 15(a)(2).  On December 20, 2024, Georgetown filed a second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Klusov's SAC failed to state a claim.  Second Mot. to Dismiss, ECF No. 9.  In its second Motion, Georgetown also observed that Mr. Klusov improperly filed the SAC without leave of the Court.  *Id.* at 1 n.1.  On April 3, 2025, Mr. Klusov filed an Opposition to the second (but not the first) Motion to Dismiss, ECF No. 18, and Georgetown filed a Reply on April 16, 2025.  The Motions to Dismiss are now ripe for this Court's review.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure Rule 15 sets forth the requirements for amending or supplementing a pleading.  Rule 15(a) provides:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course no later than:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  A court may strike an amended complaint that was not filed with leave from the court.  *See Savignac v. Jones Day*, 341 F.R.D. 120, 127 (D.D.C. 2022).

### B. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of that requirement is to allow the defendant and the court to distill the information provided, and to ensure the defendant can prepare sufficient responses to all allegations. *Acon-Chen v. Buttigieg*, No. 24-cv-1529 (RDM), 2024 WL 4416943, at *2 (D.D.C. Oct. 5, 2024) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). Enforcing Rule 8 is "largely a matter for the trial court's discretion," and courts in this district afford plaintiffs, especially when *pro se*, wide latitude in framing their claims. *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) (quoting *Ciralsky v. Cent. Intel. Agency,* 355 F.3d 661, 669 (D.C. Cir. 2004)). That said, even a *pro se* plaintiff may face dismissal if the complaint is "excessively long, rambling, disjointed, incoherent, and full of irrelevant and confusing material," making it an "unjustified burden" on the Court and the defendant(s) to decipher the relevant information. *Bell v. District of Columbia*, No. 23-cv-2036 (RC), 2024 WL 2846770, at *8 (D.D.C. June 5, 2024) (internal citations and quotations omitted). Further, a complaint that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments" is subject to dismissal. *Id.* at *8 (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)).

### C. Motion to Amend a Complaint

When a complaint is dismissed for a violation of Rule 8(a), the court may provide the plaintiff with an opportunity to file an amended complaint that complies with the Federal Rules. *Acon-Chen*, 2024 WL 4416943 at *2. However, a court may deny a motion to amend a complaint when amendment would be "futile," meaning, "when the proposed complaint would not survive a

3

motion to dismiss" under Rule 12(b)(6). *Bean v. United States*, 538 F. Supp. 2d 220, 227 (D.D.C. 2008). To survive a motion to dismiss under Rule 12(b)(6) for a failure to state a claim, the plaintiff must allege facts that would allow the court to draw reasonable inferences that make it plausible the defendant is liable for the alleged conduct. *Galloway v. Chugach Gov't Servs., Inc.*, 199 F. Supp. 3d 145, 149 (D.D.C. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, a court accepts all facts alleged as true, but conclusory statements and mere recitations of a cause of action are not considered. *Ashcroft*, 556 U.S. at 678.

### III.  DISCUSSION

#### A. The First Amended Complaint Will Be Dismissed for Violating Rule 8.

Seventeen days after filing his initial complaint, Mr. Klusov filed a document titled "Notice of Exhibits" and captioned it "Complaint with Clarifications." Am. Compl., ECF No. 5. Although Mr. Klusov characterizes this document as a "clarification" rather than an amended complaint, it contains almost identical information as the original complaint but with additional explanations. Thus, the Court deems the "Notice of Exhibits" as Mr. Klusov's first amended complaint ("FAC"). *United States v. Williams*, No. 97-cr-064-RCL, 2024 WL 1299574, at *3 n.2 (D.D.C. Mar. 27, 2024) (Lamberth, J.); *see also Ford v. Astrue*, 808 F. Supp. 2d 150, 152 (D.D.C. 2011) (Boasberg, J.) (deeming a filing "an amended complaint" even "though [plaintiff] did not name it such"). Mr. Klusov's FAC was timely submitted as of his right under Rule 15(a)(1). *See* Fed. R. Civ. P. 15(a) (giving plaintiffs twenty-one days to amend as a matter of course).

But even though the FAC was timely filed, it will be dismissed for violating Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must be a "short and plain statement" of the claim showing the pleader is entitled to relief and must contain "simple, concise and direct factual averments." Fed. R. Civ. Pro. 8(a); *Jiggetts*, 319 F.R.D. at 414 (internal quotations omitted).

4

Courts in this District have consistently found that complaints of similar or even shorter length than Mr. Klusov's FAC violate the Rule. *See Ciralsky,* 355 F.3d at 669 (dismissing a 119-page complaint for violating Rule 8(a)); *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 414–15 (D.D.C. 2017) (Brown, Jackson, J.) (dismissing a 78-page complaint for violating Rule 8(a)); *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 539 (D.C. Cir. 2024) (finding a district court did not abuse its discretion when it imposed a 50-page limit on amended complaints), *cert. denied sub nom. Spence v. Dep't of Veterans Affs.*, 145 S. Ct. 594 (2024). Thus, the sheer size of Mr. Klusov's complaint provides fodder for its dismissal.

But moreover, the content of Mr. Klusov's FAC is "untidy," "disjointed," and rife with extraneous information that places an "unjustified" burden on this Court and Georgetown to understand his allegations. *Bell*, 2024 WL 2846770, at *3, *5 (dismissing complaint for "devot[ing] considerable space to topics that appear to have no bearing on [the plaintiff's] legal claims," which included recitations of the Declaration of Independence or ideas regarding the future a coworker's divine fate); *Jiggetts*, 319 F.R.D. at 414 (dismissing complaint for "prolix, irrelevant, and scattershot assertions of fact that are not clearly or properly aligned with the myriad legal claims that randomly appear in the 78-page pleading"). Here, Mr. Klusov's FAC similarly devotes considerable space to topics that are irrelevant to his claims. Throughout the complaint, Mr. Klusov repeatedly cycles through extraneous discussions of class scheduling issues and explanations of various global events, punctuated with personal commentary. He attempts to organize his claims in various "Examples" of Georgetown's allegedly discriminatory actions, but much of the information appears to have no bearing on his legal claims. For instance, "Example C" describes how students reacted when Georgetown brought in a Russian activist to speak. Am. Compl. at 23–25. Within the section is a 55-lined paragraph that includes a description of Nobel

Laureates' sentiments towards the Ukrainian war, the caliber of diplomats in Eastern Europe trained by Georgetown, projections of Ukraine's population rate, and personal views of what is needed to solve the international conflict. *Id*. Following this were pages of screenshots of social media posts regarding the war in Ukraine from users seemingly unaffiliated with either party in this suit. *Id*. at 27–29. It is unduly burdensome for this Court or the defendant to parse out the relevant claims from this myriad of irrelevant tangents. Thus, the FAC will be dismissed.

### B. The Court Will Deny Leave for Mr. Klusov to File the Second Amended Complaint Because Amendment Would Be Futile.

Three months after submitting the FAC and after Georgetown had already filed its first Motion to Dismiss, Mr. Klusov submitted a second amended complaint ("proposed SAC") without consent from Georgetown or leave from the Court, in violation of Rule 15(a)(2). *See* ECF No. 8. The Court could strike the SAC on that basis alone. However, if the Court took that action, the next step for Mr. Klusov would be to seek leave from this Court to properly file his SAC. Granting leave to amend a complaint is committed to the discretion of the trial court, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and although leave to amend is to be "freely given," courts may deny amendment under Rule 15 if the amended complaint wouldn't survive a motion to dismiss. *Bean v. United States*, 538 F. Supp. 2d 220, 227 (D.D.C. 2008). To avoid an unnecessary round of further briefing, the Court concludes *sua sponte* that even if Mr. Klusov were to seek leave to file the SAC in accordance with Rule 15, the Court would deny such leave. The proposed SAC violates Rule 8(a) and fails to state a claim, thus making it subject to dismissal under Rule

12(b)(6). As such, leave to file that amendment would be futile.[1]

Upon first glance, it is apparent that the proposed SAC suffers from the same deficiencies as the FAC: it is 133 pages long and contains considerable extraneous information untethered to Mr. Klusov's allegations. *See* Second Am. Compl. at 17 (discussing Mr. Klusov's childhood views of Alfa Bank and its shareholders while discussing how he is different from other Russian students); *id*. at 26 (providing a chart with the projected market cap of the weapons manufacturing industry when alleging that a student used threatening language); *id*. at 131–32 (describing the atrocities of the Holocaust to introduce his allegedly improper enrollment in a "Federal Income Taxation" course). Thus, like the FAC, the SAC poses an "unjustified burden" for the Court and Georgetown to determine its claims, in violation of Rule 8(a). *Bell*, 2024 WL 2846770, at *5.

To thoroughly explain the Court's reasoning in *sua sponte* denying further leave to amend, the Court will take a more granular look at each of Mr. Klusov's claims. Mr. Klusov asserts that Georgetown violated Title VI of the Civil Rights Act of 1964, the D.C. Human Rights Act, and 42 U.S.C. § 1985(3) for conspiring to interfere with civil rights.[2] But as explained *infra*, no facts alleged create an actionable claim for which Georgetown could be liable.

1. **Count 1: Violation of Title VI of the Civil Rights Act of 1964**

Title VI protects individuals from being "excluded from participation in," "denied the benefits of," or "subjected to discrimination under any program or activity receiving Federal

---

[1] Mr. Klusov's status as *pro se* also does not warrant extra leniency in this case, as the D.C. Circuit recently explained that the leniency afforded to *pro se* plaintiffs may be "unwarranted" when the plaintiff has significant legal experience or is a licensed attorney. *Spence v. U.S. Dep't of Veterans Affairs*, 109 F.4th 531, 538 (D.C. Cir. 2024). While Mr. Klusov is not a *licensed* attorney, as evidenced by a section of the SAC recounting his difficulties registering for the New York Bar Exam, he holds the equivalent of a J.D. from his studies in Russia and was enrolled in a master's degree program at a law school. Second Am. Compl. at 42–50, 20–21. Accordingly, he is not the typical unsophisticated *pro se* plaintiff untrained in the legal system.

[2] Mr. Klusov also pleads eight other counts in succession, but without any explanation tied to them. *See* Second Am. Compl. at 130. Because these claims are listed unattached from any factual support, they would be dismissed for a violation of Rule 8(a).

financial assistance," on account of race. *Newman v. Howard Univ. Sch. of Law*, 715 F. Supp. 3d 86, 105-106 (D.D.C. 2024) (quoting 42 U.S.C. § 2000d). Title VI claims are actionable where a plaintiff credibly asserts "disparate treatment," in other words, "when the plaintiff alleges that he was treated 'less favorably than others because of [his] race. *Id.* at 106 (D.D.C. 2024) (quoting *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 985–86 (1988)). A plaintiff bringing a disparate treatment claim "need[s] to plead that he was treated differently from similarly situated . . . students of another race, and that such treatment was *because of* his race." *Id.* at 107 (emphasis in original).

Mr. Klusov attempts to support his disparate treatment claims through accounts of class scheduling difficulties and lost professional opportunities. However, Mr. Klusov neither alleges that he was similarly situated to other students, nor offers any allegation that the issues he encountered were because of his ethnicity or national origin. The complaint reveals that Mr. Klusov was not similarly situated to other students enrolled in its LL.M. or MBA programs because his pursuit of this combination of degrees is so uncommon that "there were no other people with such combined simultaneous programs"—a situation he compared to Georgetown "conducting experiments" on him. Second Am. Compl. at 12. Moreover, despite Mr. Klusov's repeated conclusory assertions that his various difficulties were due to "discrimination against [him] because of, *inter alia*, national origins or other grounds," *id*. at 28, he provides no facts that suggest that any of these difficulties were because of his ethnicity or national origin.

In addition to disparate treatment claims, some Circuits recognize a cause of action for a Title VI plaintiff to allege a "hostile educational environment," akin to "hostile work environment" claims under Title VI. *Newman*, 715 F. Supp. 3d at 106–07; *see also Stafford v. George Washington Univ.*, No. 18-cv-2789 (CRC), 2019 WL 2373332, at *11 (D.D.C. June 5, 2019). The deliberate indifference standard is applied to such claims, under which a plaintiff must show that:

8

> (1) the harassment was so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to educational opportunities, and that the school (2) had actual knowledge, (3) had control over the harasser and the environment in which the harassment occurs, and (4) was deliberately indifferent.

*Newman*, 715 F. Supp. 3d at 106 (quoting *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 408 (5th Cir. 2015)). To allege deliberate indifference, the plaintiff must plead facts showing the school's response to harassment was not merely negligent, but was "clearly unreasonable in light of the known circumstances." *Id*. at 109 (quoting *Fennel*, 804 F.3d at 410). "This high standard ensures that liability exists only where the school's inaction 'effectively caused the discrimination.'" *Id.* (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642–43 (1999)).

Mr. Klusov's examples in support of his hostile educational environment claim fall short because the cited interactions are not "objectively offensive," and the alleged facts do not show that Georgetown acted unreasonably once it became aware of his concerns. Many of Mr. Klusov's allegations do not describe conduct that rises to the level of being "severe." For instance, he alleges that during a group project for a taxation course, a team member edited a presentation slide without his consent, and the group declined to wear red ties after he suggested the idea. Second Am. Compl. at 58–61. While these incidents may have been frustrating from Mr. Klusov's perspective, they do not amount to objectively severe behavior. *Cf. Lee v. McDonough* No. 22-cv-319 (RBW), 2024 WL 3858820, at *8 (D.D.C. Aug. 19, 2024) (dismissing hostile work environment claim where the plaintiff alleged that his supervisor criticized his work performance). Mr. Klusov's allegations concerning team members editing his work or disagreeing over presentation attire reflect routine aspects of group projects and are therefore insufficient to support a hostile educational environment claim.

Even if the harassment about which he complains were severe or objectively offensive, Mr. Klusov's assertion that Georgetown was indifferent to these incidents is undermined by inconsistencies in his own pleadings. For example, regarding the taxation group project discussed, he claims that "[i]ssues were not investigated by the Diversity and Inclusion office" and that the assigned investigators "did nothing." Second Am. Compl. at 60. Yet, in the same paragraph, he also recounts the conclusions reached by those very investigators. *Id.* This contradiction undermines his claim that Georgetown failed to respond. *See Newman*, 715 F. Supp. 3d at 109 (finding a university was not deliberately indifferent where it offered an investigation, the complainant declined, and the university hired a third-party investigator anyway); *cf. Cavalier v. Cath. Univ. of Am.*, 513 F. Supp. 3d 30, 51–53 (D.D.C. 2021) (rejecting deliberate indifference claim where plaintiff alleged "sham hearing" and investigation).

While that is only one of the many examples that Mr. Klusov provides, the rest of the complaint follows a similar contradictory pattern of asserting that no investigations took place and then detailing the result of the investigation. Because that is insufficient to state a claim for deliberate indifference, Mr. Klusov's Title VI claims must be dismissed.

**2. Count 2: Violation of the D.C. Human Rights Act**

As Georgetown correctly notes, "the legal frameworks for Title VI and D.C. Human Rights Act claims are identical." Second Mot. to Dismiss, at 6–7; *Newman*, 715 F. Supp. 3d at 105. Because Mr. Klusov's Title VI claims would not survive even if given leave to amend, his claims for violations of the D.C. Human Rights Act fare no better.

### 3. Count 3: 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights[3]

Section 1985(3) provides a private cause of action in response to conspiracies that deprive a person of "equal protection" or "equal privileges and immunities" under the law. 42 U.S.C. § 1985(3). To state a claim under Section 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Wilson v. DNC Servs. Corp.*, 315 F. Supp. 3d 392, 398–99 (D.D.C. 2018). "A complaint 'considered in context' may raise a sufficiently plausible inference that a conspiracy existed," yet the "plaintiff must set forth more than just conclusory allegations of [the] agreement." *Rise v. Bagshaw*, No. 1:24-cv-2388 (RCL), 2025 WL 1380478, at *9 (D.D.C. May 13, 2025) (quoting *Soo Park v. Thompson*, 851 F.3d 910, 927 & n.22 (9th Cir. 2017)). "[P]leading joint conduct that is typical of how the parties might reasonably be expected to behave in the absence of a conspiracy" is likewise insufficient. *Id.* at *9.

Rather than pleading specific facts, Mr. Klusov broadly references the preceding 100-plus pages of the complaint which, as the Court has already explained, fail to comply with Rule 8(a). Second Am. Compl. at 127 ("I repeat and reallege the allegations of all the preceding paragraphs above as though fully set forth therein."). Mr. Klusov then offers only conclusory allegations by asserting that Georgetown conspired with "Georgetown University students, staff, admins, faculty, and other people not directly affiliated with Georgetown University" in order to "engage in, promote, and incite harassment, threats, inappropriate action (as well as omission of action), deprivation of rights and opportunities, and intimidation against Jewish and Russian national origin

---

[3] Mr. Klusov lists the third count as a violation of 42 U.S.C. § 1986 but proceeds to only discuss 42 U.S.C. § 1985(3); thus, the Court will only determine the merits of the latter. *See* Second Am. Compl. at 127–103.

11

members of the Georgetown University community, including [him]." Second Am. Compl. at 128. In an effort to substantiate this allegation, he claims that the "meeting of the minds is evidenced in the close collaboration among [the alleged co-conspirators] and their co-organization, co-sponsorship, and/or co-promotion of different actions . . . as described above." *Id.*

While it is true that "a meeting of the minds is an essential element of a conspiracy claim," its bare mention is conclusory and insufficient to survive a motion to dismiss. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Here, the only supporting allegation Mr. Klusov presents is that Georgetown worked with its students, faculty, staff, and others—behavior typical of how a university would comport itself. *Rise*, 2025 WL 1380478, at *9 (citing *Fischer v. District of Columbia*, No. 24-cv-0044, 2025 WL 894445, at *13 (D.D.C. Mar. 24, 2025)). Absent any factual allegations demonstrating that a meeting of the minds among the alleged co-conspirators or that Georgetown behaved in a fashion that would support an inference that it conspired with others, this conspiracy claim could not survive a motion to dismiss, so leave to amend would be futile.

## IV.    CONCLUSION

For the foregoing reasons, the defendant's Motions [ECF Nos. 6, 9] to Dismiss will be **GRANTED**. Mr. Klusov will not be granted leave to file his proposed second amended complaint because such leave would be futile. Furthermore, given the time and resources that Georgetown has already devoted to parsing through and responding to Plaintiff's 300-plus pages of filings, and Plaintiff's persistent lack of compliance with local and federal rules, the Court will not allow Plaintiff any more opportunities to amend his complaint. Accordingly, the Court will **DISMISS** the case.

A separate Order consistent with this Memorandum Opinion shall issue.

Date: 8-15-25

Royce C. Lamberth
United States District Judge

13